JUSTICE LEAPHART
dissenting.
¶25 I dissent.
¶26 In State v. McLees, 2000 MT 6, 298 Mont. 15, 994 P.2d 683, we rejected the doctrine of apparent authority whereby law enforcement officers would be allowed to rely on third parties who appear to have authority to consent to a search. In McLees, instead of using the principles of property law to determine authority to consent to a *494 search, we looked to mutual use of the property by persons generally having joint access or control.
[Cjommon authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property, with its attendant historical and legal refinements ... but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.
McLees, ¶ 13 (quoting United States v. Matlock (1974), 415 U.S. 164, 171 n.7, 94 S.Ct. 988, 993 n.7, 39 L.Ed.2d 242, 250 n.7).
¶27 In McLees we held that the grandfather, although he owned the apartment in question, did not have actual authority to consent to the police search because he had no “common authority” over the apartment: he did not co-occupy the apartment; he had no key; and he did not enter the apartment when his son or grandson were absent.
¶28 In the present case, the District Court found that Kathie had actual authority to consent to the search because her boyfriend’s belongings were stored in the locked bedroom, and she was afraid of Gilmore and did not want him in her house. The facts that the boyfriend’s belongings were stored in the bedroom and that Kathie was afraid of Gilmore do not establish that Kathie had actual authority to consent. Storage of a boyfriend’s belongings and fear of the occupant have no bearing on the issue of who has authority nor do they establish that Gilmore was a “trespasser” as this Court so holds. The facts that the bedroom had a separate entrance, that Gilmore had a key and Kathie did not, and that the officers had to kick down the door, clearly indicate that Kathie did not have actual authority to consent.
¶29 The State failed to carry its burden of proving an exception to the requirement that searches be conducted pursuant to a warrant. Art. II, Secs. 10-11, Mont. Const.